```
UNITED STATES BANKRUPTCY COURT          NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:                              :
                                    :
      GENERAL VISION SERVICES, INC.,:   Chapter 7
                                    :   Case No. 99-B-10105 (SMB)
                  Debtor.           :
------------------------------------X
NED STEINFELD, as Representative    :
of the Estate of General            :
Vision Services, Inc.,              :
                                    :
                  Plaintiff,        :
                                    :
      -against-                     :
                                    :
                                    :   Adv. Pro.: 05-01604 (SMB)
CADWALADER, WICKERSHAM &            :
TAFT LLP,                           :
                                    :
                  Defendant.        :
------------------------------------X
```

## OPINION GRANTING MOTION TO DISMISS
## CLAIM FOR AFFIRMATIVE RELIEF

**A P P E A R A N C E S:**

GOLDBERG, RIMBERG & FRIEDLANDER, PLLC
Attorneys for Plaintiff
115 Broadway
3rd Floor
New York, NY, NY 10006

    Robert L. Rimberg, Esq.
        Of Counsel


CADWALADER, WICKERSHAM & TAFT, LLP
Defendant <u>Pro Se</u>
One World Financial Center
New York, NY 10281

    Tom M. Fini, Esq.
        Of Counsel


**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

The plaintiff, Ned Steinfeld, as representative of the estate of General Vision Services, Inc., ("GVS"),[1] commenced this adversary proceeding to object to a claim filed by the defendant law firm, Cadwalader, Wickersham & Taft LLP ("Cadwalader"), and to obtain affirmative monetary relief. Steinfeld contends that Cadwalader formerly represented GVS, and committed legal malpractice.

Cadwalader moved to dismiss the original objection and the later amended objection on a variety of grounds, all of which come down to the same basic point: Steinfeld's counterclaim is doomed unless it relates back to an earlier, timely pleading. Finding no relation back, I grant the motion to the extent indicated below.

## BACKGROUND

The background information is based upon the allegations of the Amended Objection, dated August, 1 2005,[2] (Amended Objection to Proof of Claim by Cadwalader, Wickersham & Taft, dated Aug. 1, 2005 ("Amended Objection"))(ECF Doc. # 8), and the contents of documents

---

[1] The caption incorrectly lists GVS as the plaintiff. The caption is deemed amended to reflect the correct plaintiff.

[2] The Amended Objection is identical to the Objection to Proof of Claim by Cadwalader Wickersham & Taft, dated May 11, 2005 ("Original Objection") (ECF Doc. # 1), except that the Original Objection referred to Proof of Claim 304, and the Amended Objection refers to Proof of Claim 186. Unless otherwise noted, all further parenthetical citations to paragraphs refer to the Amended Objection.

filed in the GVS case as well as the companion case involving Action Industries, Inc. ("Action"), Case no. 99-10103.[3]

**A.   The Involuntary Petition**

Although not alleged in Steinfeld's 11-paragraph <u>Amended Objection</u>, it is undisputed that at all relevant times, GVS ran a chain of optical stores that provided optometry services and sold eye wear.  On April 16, 1999, certain bondholders filed an involuntary bankruptcy petition for relief under chapter 11 against GVS and its parent company, Action. (<u>Id.</u>, at ¶ 4.)  GVS retained Cadwalader on or around the petition date to contest the wrongly filed petition. (<u>Id.</u>, at ¶¶ 4, 5.)

While Cadwalader appeared in pending state court matters that were stayed automatically by the involuntary filing, (<u>id.</u>, at ¶ 7), it failed to take any action to contest the involuntary petition,

---

[3] A court may dismiss a complaint under FED. R. CIV. P. 12(b)(6) only if it appears beyond doubt that the plaintiff would not be entitled to any type of relief, even if he proved the factual allegations in his complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Harsco Corp. v. Segui</u>, 91 F.3d 337, 341 (2d Cir. 1996).  The court must assume the truth of the factual allegations in the complaint, <u>Harsco</u>, 91 F.3d at 341, and draw all reasonable inferences in the plaintiff's favor. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  A court may also consider the contents of any documents attached to the complaint, incorporated by reference, or relied on in drafting the complaint, <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-53 (2d Cir. 2002), as well as matters of which judicial notice may be taken. <u>Brass v. American Film Techs., Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993).

and abandoned GVS.[4] (Id., at ¶ 6.) As a result, GVS became mired in bankruptcy and was irreparably damaged. (Id., at ¶ 8.) GVS never belonged in bankruptcy, (id., at ¶ 9), and Cadwalader's negligence deprived GVS of the opportunity to seek the dismissal of the involuntary petition, caused GVS's lender to accelerate GVS's debt and tighten the grasp on GVS's capital, resulted in lost customers and valuable credit terms from its vendor and provider stores, and effected GVS's untimely liquidation. (Id., at ¶ 10.)

The sparse recitation in the Amended Objection is amplified by the documents in the record reflecting events that are not in dispute. A consensual order for relief under chapter 11 was entered on September 9, 1999. (See ECF GVS Doc. # 71.)[5] By order dated December 28, 2000, the Court authorized GVS to sell substantially all of its assets to GVS Acquisition Corp. (Order (1) Authorizing Debtor General Vision Services, Inc., To Sell Substantially All of its Assets Out of the Ordinary Course, [etc.], dated Dec. 28, 2000 (ECF Action Doc. # 692.) In January 2001, the United States Trustee made a motion to convert the GVS chapter 11

---

[4] According to documents filed in the GVS case, GVS and Action retained Solomon, Zauderer, Ellenhorn, Frischer & Sharp to contest the petitions on May 4, 1999, less than three weeks after the commencement of the involuntary case. (Motion of Debtor to Extend Time to Answer Pursuant to Bankruptcy Rule 9006(b)(1) and for Adjournment of Hearing, dated May 5, 1999, at ¶ 5)(ECF Doc. # 13.)

[5] "ECF GVS Doc." refers to a document filed in the GVS case rather than in this adversary proceeding. Similarly, "ECF Action Doc." refers to documents filed in Action's case.

4

case to a chapter 7 case. (<u>Application of the United States Trustee to Convert this Chapter 11 Case to a Chapter 7 Case</u>, dated Jan. 19, 2001 ("<u>Trustee's Motion to Convert</u>")(ECF GVS Doc. # 101.) The motion was granted on March 13, 2001, (<u>Order Deconsolidating Cases and Converting Chapter 11 Case to a Case Under Chapter 7</u>, Mar. 13, 2001)(ECF GVS Doc. # 106), and Albert Togut was appointed to act as interim trustee. (<u>Appointment of Interim Trustee and Trustee and Designation of Required Bond</u>, dated March 14, 2001)(ECF GVS Doc. # 108.) He subsequently became permanent trustee by operation of law. <u>See</u> 11 U.S.C. § 702(d).

Pursuant to an order dated March 30, 2005, Steinfeld was permitted to pursue certain claims (the "Actions") on behalf of the estate for a 90-day period terminating on June 29, 2005. (<u>See Order: (I) Approving Agreement and Supplemental Agreement with Ned Steinfeld Regarding Pursuit of Potential Claims Against Petitioning Creditors, Management Committee, and Cadwalader, Wickersham & Taft, and (ii) Granting Related Relief</u>, dated Mar. 30, 2005 (the "<u>March 2005 Order</u>")) (ECF GVS Doc. # 266.) Pursuant to the Supplemental Agreement annexed to the order,[6] "Steinfeld will be deemed to have forfeited the right to bring on behalf of the Debtor's Estate that portion of the Actions not timely brought as aforesaid." This

---

[6] The Order on file does not include the Agreement, dated May 31, 2002, and the Supplemental Agreement, dated Feb. 10, 2005, that are supposed to be attached. The two Agreements are annexed as exhibits to the underlying application. (<u>See</u> ECF GVS Doc. # 261.)

5

order provides the basis for Steinfeld's standing in this proceeding.

**B.   Cadwalader's Proofs of Claim**

Cadwalader's proofs of claim, and earlier objections to those claims, play a central role in the resolution of the pending motion.  Once again, the filing and content of the claims and the objections are not in dispute, and are subject to judicial notice.

   **1.   Claim 186**

On March 31, 2000, during the chapter 11 case, Cadwalader filed proof of claim number 186 ("Claim 186") in the aggregate amount of $130,496.36.[7]  Claim 186 covered two legally distinct periods.  It sought $91,408.57 in legal fees and expenses incurred during the "gap" period between the April 19, 1999 petition date and September 9, 1999, the date of the chapter 11 order for relief. It also sought $39,087.70 in legal fees and expenses for services rendered after the entry of the order for relief.[8]  It appears that all of the services pertained to Cadwalader's representation of GVS in the state court matters.

---

[7]   A copy of Claim 186, with attachments, is annexed as Exhibit H to the Declaration of Tom M. Fini in Support of Cadwalader, Wickersham & Taft LLP's Motion to Dismiss, dated Aug. 26, 2005 ("Fini Declaration") (ECF Doc. # 12.)

[8]   The amount sought on the first page of the claim is nine cents more than the sum of the amounts mentioned in the attachment to the claim.

6

GVS objected to Claim 186 on the grounds that GVS never retained Cadwalader, and all of the services were rendered to Action or to an outside legal committee of Action. (<u>Omnibus Motion of Debtor General Vision Services for Order Reducing, Reclassifying, Disallowing and/or Expunging Certain Claims</u>, dated Sept. 29, 2000, at Ex. A, 9)(ECF Action Doc. # 548.) Cadwalader opposed GVS's objection. (<u>Cadwalader Wickersham & Taft's (A) Opposition to General Vision Service's Objection to Claim # 186 and (B) Application for Allowance of Administrative Claim Pursuant to Section 503(b) of the Bankruptcy Code</u>, dated Nov. 3, 2000)(ECF Action Doc. # 602.)

On or about November 22, 2000, Cadwalader also filed opposition and a request for payment of its legal fees and expenses in the Action case. (See <u>Cadwalader Wickersham & Taft's (A) Opposition to Action Industries, Inc.'s Motion To Expunge Claim #80 and (B) Application for Allowance of Administrative Claim Pursuant to Section 503(b) of the Bankruptcy Code</u>, dated Nov. 21, 2000 (ECF Action Doc. # 659.) This second pleading described a purported global resolution of its entire claim in both cases. Cadwalader and the debtors had agreed that Cadwalader would receive a "gap" period claim of $70,000 in the GVS case, and a "gap" period claim of $10,000 in the Action case. The settlement depended on the

7

confirmation and consummation of the debtors' plans described in the Third Amended Combined Disclosure Statements. If the conditions failed, Cadwalader could reassert the full amount of its claims.

The Court never passed on the proposal. Nor does the docket reflect that the objection to Claim 186 was ever resolved. Thus, I assume for the purpose of this opinion that the GVS objection is still pending.

### 2. Claim 304

On February 5, 2001, after the asset sale and while the <u>Trustee's Motion to Convert</u> was pending, Cadwalader filed an administrative claim no. 304 against the GVS estate in the amount of $39,087.70 ("Claim 304").[9] Claim 304 was limited to the legal fees and expenses incurred after the order for relief. It partially overlapped with Claim 186, and an attachment explained that it was filed to reassert the claim because GVS failed to confirm a plan which was a condition to the settlement. The attachment did not explain why Cadwalader failed to reassert its "gap" claim.

Prior to the conversion, GVS filed an objection to Claim 304.

---

[9] A complete copy of Claim 304 is annexed to the <u>Fini Declaration</u> as Ex. J.

(See <u>First Omnibus Motion of Debtor General Vision Services, Inc. For Order Reducing, Disallowing, Reclassifying, and /or Expunging Certain Alleged Administrative Expense Claims</u>, dated Feb. 15, 2001) (ECF Action Doc. # 787.)  The basis of the objection was that the claim sought fees and expenses after the order for relief, but Cadwalader was never retained pursuant to a Court order, and consequently, its fees and expenses were not compensable.  Claim 304 was eventually disallowed and expunged. (<u>Order Disallowing and Expunging Chapter 11 Administrative Expense Claim of Cadwalader Wickersham & Taft</u>, dated Mar. 5, 2002) (ECF GVS Doc. # 209.)

**C. The Adversary Proceeding**

Armed with the standing granted by the <u>March 2005 Order</u>, Steinfeld commenced this adversary proceeding against Cadwalader on May 11, 2005, by filing the <u>Original Objection</u>.  The <u>Original Objection</u> stated that it was an objection to Claim 304, and did not mention Claim 186.  After Cadwalader moved to dismiss the <u>Original Objection</u> on the basis, <u>inter</u> <u>alia</u>, that it improperly asserted a counterclaim to an expunged proof of claim, (<u>Cadwalader Wickersham & Taft LLP's Motion to Dismiss</u>, dated July 15, 2005)(ECF Doc. # 4), Steinfeld filed the <u>Amended Objection</u>.  As noted, the <u>Amended Objection</u> contains the same allegations as the <u>Original Objection</u> except that it asserts an objection and counterclaim to Claim 186.  At oral argument, Steinfeld's counsel acknowledged that the motion to dismiss the <u>Original Objection</u> had become moot, and the

9

discussion is, therefore, limited to Cadwalader's subsequent motion to dismiss the Amended Objection. (See Cadwalader, Wickersham & Taft LLP's Motion to Dismiss the Counterclaim of General Vision Services, Inc., dated Aug. 26, 2005)("Cadwalader's Motion")(ECF Doc. # 10.)

Cadwalader's Motion identifies several grounds for dismissal. First, Steinfeld lacks standing to file the Amended Objection outside of the 90-day window provided in the March 2005 Order. (Id., ¶ 1.) Second, the malpractice claim, the only claim asserted, is barred by New York's three year statute of limitations. (Id., at ¶ 2.) Third, the Amended Objection fails to state a claim for legal malpractice because it does not adequately allege proximate cause, and the damage allegations are purely speculative. (Id., at ¶ 3.)

In response, Steinfeld contends, in substance, that the Amended Objection relates back to the Original Objection which was filed during the 90-day window, (Memorandum of Law in Opposition to Motion to Dismiss, dated Sept. 26, 2005, at 5-7) (ECF Doc. # 17), or to the still-pending GVS objection to Claim 186. (Id., at 7-9.) In addition, the Amended Objection adequately pleads proximate cause since it alleges that Cadwalader's failure to dismiss the

involuntary petition caused GVS to remain in bankruptcy and become insolvent.  (Id., at 9-10.)[10]

## DISCUSSION

The trustee is the representative of the GVS estate.  11 U.S.C. § 323(a).  The March 2005 Order gave Steinfeld standing for 90 days to act as the estate's representative for certain limited purposes, but did not expand the estate's rights.  Accordingly, Steinfeld stands in the trustee's shoes, and is subject to the same defenses that Cadwalader could have asserted against the trustee or any other estate representative.

Under New York law, a claim based on legal malpractice must be commenced within three years of the time that it accrued.  See N.Y.C.P.L.R. 214(6) (McKinney 2001).  The estate's malpractice claim against Cadwalader accrued no later than September 9, 1999, when GVS consented to the order for relief.  The Amended Objection was filed approximately six years later.  Accordingly, it was time-barred,[11] and while an estate may assert a time-barred claim as an objection to a proof of claim, the objection is treated as an

---

[10] Steinfeld also submitted his own affidavit, dated Sept. 26, 2005.  (ECF Doc. # 16.) Unlike the Fini Declaration, which simply identified documents in the Court's files, the recent Steinfeld declaration alleges additional facts.  This is improper, and the Steinfeld declaration will not be considered.

[11] The malpractice claim would be time-barred even if it accrued at the time of the conversion to chapter 7.

11

offset, and no affirmative relief can be granted. <u>In re Dayton Seaside Assocs. # 2, L.P.</u>, 257 B.R. 123, 133-134 (Bankr. S.D.N.Y 2000); <u>see</u> <u>Lawler v. Guild, Hagen & Clark, Ltd. (In re Lawler</u>), 106 B.R. 943, 955 (N.D. Tex. 1989). In order to obtain affirmative relief, the <u>Amended Complaint</u> must, therefore, relate back to a pleading that was filed before the malpractice claim became stale.

As noted, Steinfeld identifies two possibilities, but neither has any merit. His contention that the <u>Amended Objection</u> relates back to the <u>Original Objection</u> confuses standing with the statute of limitations. If the trustee couldn't have filed the <u>Original Objection</u> when Steinfeld did, Steinfeld couldn't have either. The malpractice claim was obviously time-barred when it was asserted in the <u>Original Objection</u> filed in May 2005. Steinfeld ignores the problem, apparently believing – erroneously – that the filing of the <u>Original Objection</u> within the 90-day window solves the problem.[12] If the <u>Original Objection</u> was time-barred, and the <u>Amended Objection</u> relates back to the <u>Original Objection</u>, the

---

[12]   The <u>Original Objection</u> could not relate back to the objection filed by the debtor in possession to Claim 304. That objection succeeded, and Claim 304 was expunged three years earlier. Hence, there was no claim, and no claim objection, to which the <u>Original Objection</u> could relate back for purposes of FED. R. CIV. P. 15(c). <u>See</u> <u>Warren v. Garvin</u>, 219 F.3d 111, 114 (2d Cir.) ("[T]he 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back"), <u>cert. denied</u>, 531 U.S. 968 (2000); <u>Morgan Distrib. Co. v. Unidynamic Corp.</u>, 868 F.2d 992, 994 (8th Cir. 1989) ("The 1985 complaint could not plausibly be construed as an amendment to an already dismissed 1983 suit without tempering the plain meaning of Rule 15(c).") (internal quotations and brackets omitted).

Amended Objection must also be time-barred.

Nor does the Amended Objection relate back to the earlier GVS objection to Claim 186. The "relation back" rules applicable under FED. R. CIV. P. 15(c)[13] also apply to amended objections that assert counterclaims for affirmative relief.[14] Enjet v. Maritime Challenge Corp. (In re Enjet), 220 B.R. 312, 314 (E.D. La. 1998). The court must decide whether there is a sufficient commonality of facts between the allegations relating to the two objections to preclude the claim of unfair surprise. See Benfield v. Mocatta Metals Corp., 26 F.3d 19, 23 (2d Cir. 1994). The court should also consider whether the claimant had notice of the counterclaim now being asserted, and whether the estate will rely on the same type of evidence to prove both claims. See id.; see generally 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 15.19[2], at 15-85 to 15-88 (3d ed. 2005). If the later pleading states an entirely new claim, it

---

[13] Rule 15(c) states, in relevant part, as follows:

> An amendment of a pleading relates back to the date of the original pleading when
>
> * * * *
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . .

[14] A claim objection that joins a claim to recover money damages becomes an adversary proceeding. See FED. R. BANKR. P. 3007. Rule 15 of the Federal Rules of Civil Procedure applies to adversary proceedings. FED. R. BANKR. P. 7015.

13

does not relate back. Nettis v. Levitt, 241 F.3d 186, 192-194 (2d Cir. 2001). The mere existence of a debtor/creditor relationship in the original pleading, or the filing of a blanket objection against a creditor does not, without more, support the relation back of the later claim. Enjet, 220 B.R. at 315; Coan v. O & G Indus., Inc. (Austin Driveway Servs., Inc.), 179 B.R. 390, 396 (Bankr. D. Conn. 1995).

The earlier GVS objection was based on the premise that GVS never retained Cadwalader, and therefore, did not owe it any money; the Amended Objection implies that it did retain Cadwalader, and Cadwalader performed its services negligently. Thus, the two objections are based on different and contradictory facts. The first objection does not provide any warning of the claim in the Amended Objection, and the two objections depend on entirely different proof. Accordingly, the Amended Objection does not relate back to the debtor's objection to Claim 186. See Enjet, 220 B.R. at 315 ("[t]he flat inconsistency between the original and amended objection precludes relation back").

The malpractice counterclaim is, therefore, barred by the statute of limitations. Furthermore, it was asserted outside of the 90-day window granted to Steinfeld, and he lacks standing to assert it as a representative of the GVS estate. The Amended

14

Objection is dismissed, but without prejudice to the estate's right to assert the malpractice claim as an offset. Cadwalader is directed to settle an order consistent with this opinion. If Cadwalader provides in the proposed order that it consents to the expungement of Claim 186, the malpractice claim will be dismissed with prejudice. In light of this disposition, the Court does not reach the other arguments raised by the parties.

Dated:    New York, New York
          December 28, 2005

                                      /s/ *Stuart M. Bernstein*
                                      STUART M. BERNSTEIN
                                Chief United States Bankruptcy Judge